IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **AMH ROMAN TWO TX, LLC,** | § | |
| | § | |
| Relator | § | |
| | § | |
| | § | CAUSE NO. 4:15cv817 |
| | § | |
| **RICHARD HOWARD, IV** | § | |

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is AMH Roman Two Tx, LLC's First Amended Motion to Remand Proceeding (Dkt. 4). As set forth below, the Court finds that the motion should be GRANTED and the case should be remanded.

AMH is the Plaintiff in a separate Justice of the Peace Court forcible detainer action whereby it seeks possession of real property in McKinney, Texas. Respondent, the Honorable Mike Yarborough, is the Judge presiding over AMH's Justice of the Peace Court forcible detainer action. Richard Howard is the foreclosed-upon mortgagor and answering Defendant in the Justice of the Peace Court forcible detainer action. According to AMH, Howard has continued to occupy the Subject Property as a tenant at sufferance following sale to AMH.

After Howard removed the forcible detainer action to this Court and it was remanded (*see* 4:15cv273), AMH filed this separate mandamus proceeding in the County Court at Law seeking an order to compel the Justice of the Peace to proceed to trial in the forcible detainer action. Howard

1

then removed the mandamus proceeding to this Court.[1]

Howard cited 28 U.S.C. §§ 1332(a), 1441(b) and 1146 as grounds for removal. *See* Dkt. 1. The parties to the underlying action, as listed by Howard in his notice of removal, are AMH Roman Two Tx, LLC Realtor (sic) as Plaintiff; Richard Howard as Defendant; and Judge Mike Yarborough as Defendant. Howard argues that the Court has diversity jurisdiction over his claims because it is a civil action between citizens of different states and because the subject real property has a current fair market value of $452,500. Howard also argues that this Court has supplemental jurisdiction over certain state law claims.

AMH, the Relator in this underlying mandamus action seeks remand, arguing the Court lacks removal jurisdiction. The Court agrees.

### STANDARD

A court is required to strictly construe the removal statute in favor of remand and against removal. 28 U.S.C. § 1447; *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). Federal district courts are of limited jurisdiction and may hear only those cases authorized by a federal statute, the Constitution, or U.S. treaty. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed.2d 391 (1994); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). When there is no subject-matter jurisdiction, remand is mandatory. 28 U.S.C. § 1447(c).

---

[1] In addition to 4:15cv273, which was remanded, some of the parties are also involved in 4:15cv526 also pending before the undersigned. The Court will address any dispositive issues in that suit separately.

## ANALYSIS

Howard's removal fails for various reasons, and remand is mandatory here. First, the removal is barred by 28 U.S.C. § 1441(b) and the "forum defendant rule." Section 1441(b) states, in part, that a case removed on diversity may only be removed "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Howard has listed a McKinney, Texas address as his address and states in his civil cover sheet that is a Texas resident. *See* Dkt. 1 at 2, 5 and Dkt. 1-1. That AMH Roman Two TX, LLC may be a non-Texas citizen is of no import. Howard is a Texas citizen and thus cannot remove over AMH's timely objection.

Further, Howard has not shown that the amount in controversy exceeds $75,000, and it is his burden to make such a showing. *Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003). Even if the Court were to base the amount in controversy in this mandamus action on the amount in controversy in the related forcible detainer action — which Howard has not shown any authority to show the Court should — a forcible detainer action only seeks *possession* of property. The amount in controversy is not the fair market value of the property but instead is general is reasonable rental value. *Dews v. Floyd*, 413 S.W.2d 800, 805, 413 S.W.2d 800 (Tex. Civ. App. 1967, writ dism'd); *see also Hart v. Keller Props.*, 567 S.W.2d 888, 889, 567 S.W.2d 888 (Tex. Civ. App. 1978) ("The rule is settled that the measure of the lessor's damages for withholding possession pending appeal of the forcible detainer action is the reasonable rental value.").

Moreover, Defendant has not shown how this Court would otherwise have federal question jurisdiction over the underlying petition for writ of mandamus. Removal was improper, and the case

must be remanded.

Howard has the burden of proof in demonstrating that removal to federal court is proper. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). He has not done so, and given the record here, cannot do so. It is, therefore, recommended that this case be remanded to the County Court at Law Number 3, Collin County for further proceedings.

The Court now turns to Plaintiff's request for an award of fees. Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The standard for awarding attorney's fees under § 1447(c) should be determined on "the reasonableness of the removal." *Martin v. Franklin Capitol Corp.*, 546 U.S. 132, 136-141 (2005). *Id*. at 141 (citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)). When determining whether a court should award attorney's fees and costs after a motion to remand is granted, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id*.

The Court finds that there was no objectively reasonable basis for seeking removal in this case. As the Court has already noted, on July 6, 2015, a different judge of this District remanded the forcible detainer action removed by Howard. *See* 4:15cv273. In the order remanding that case — setting forth many of the grounds for remand here — the Court ordered that "any defendant, including Richard Howard IV, claiming an interest in the property located at 7004 Westchester Court, McKinney, Texas, 75070 is forbidden from filing a Notice of Removal of any state court

4

eviction action to any federal civil district court without prior written approval from this Court." Dkt. 10 in 4:15cv273. Although Howard did not remove the eviction action, he was well advised of the Court's removal jurisdiction.

AMH should be awarded costs and expenses in the amount of $875.00 against Richard Howard IV, for which let execution issue. To the extent AMH asks the undersigned to conduct a show-cause contempt hearing in this matter for violation of the Court's order in 4:15cv273 (*see* Dkt. 7), the Court declines to conduct such a hearing in this matter. The Court finds that an award of fees is sufficient deterrent as to the removal of this mandamus proceeding. Howard is cautioned however that future removals of any matters relating to the forcible detainer actions may warrant much harsher sanctions.

### RECOMMENDATION

AMH Roman Two Tx, LLC's First Amended Motion to Remand Proceeding (Dkt. 4) should be GRANTED, this action should be remanded to Collin County Court at Law #3, and AMH should be awarded costs and expenses in the amount of $875.00 against Richard Howard IV, for which let execution issue.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall

bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 27th day of January, 2016.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE