**\*\*NOT FOR PRINTED PUBLICATION\*\***

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| AMH ROMAN TWO TX, LLC, | § |
| | § Civil Action No. 4:15-cv-00817 |
| v. | § (Judge Clark/Judge Bush) |
| | § |
| RICHARD HOWARD, IV | § |

### ORDER ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ORDER REMANDING CASE AND AWARDING COSTS AND EXPENSES

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On January 27, 2016, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that AMH Roman Two Tx, LLC's First Amended Motion to Remand Proceeding (Dkt. # 4) should be GRANTED, that this action should be remanded to Collin County Court at Law #3, and that AMH should be awarded costs and expenses in the amount of $875.00 against Richard Howard IV.

On February 24, 2016, *pro se* Defendant Richard Howard IV filed objections to the report (*see* Dkt. # 13).[1]

The court has made a *de novo* review of the objections raised by Defendant and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit as to the ultimate findings of the Magistrate Judge.

---

[1] Although the objections also name Andrea Howard as a Defendant, she is not listed as a party herein and was not a participant in the remand proceedings.

The Magistrate Judge correctly found that the mandamus action should be remanded. A case removed on diversity may only be removed "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). *Pro se* Defendant is a citizen of Texas, and Plaintiff timely objected to the removal. Even if Defendant's removal were not barred by 28 U.S.C. § 1441(b) and the forum defendant rule, Defendant's objections do not demonstrate how he could satisfy the amount in controversy required for diversity jurisdiction. It is his burden to make such a showing. *Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003).

Further, nothing in Defendant's objections shows how the court would have federal question jurisdiction over the underlying petition for writ of mandamus. There is nothing in the record that would permit removal in this case.

As to the Magistrate Judge's recommendation that fees be awarded to AMH, although Defendant cites the correct standard for such an award, his objections do not set forth his objectively reasonable grounds for removing the mandamus action. The court agrees with the Magistrate Judge that Defendant was well advised of the proper grounds for removal after the court remanded a related case (*see* 4:15cv273) and that he lacked an objectively reasonable basis for his removal of this mandamus action. *See Martin v. Franklin Capitol Corp.*, 546 U.S. 132, 136-141 (2005). An award of costs and expenses under 28 U.S.C. § 1447(c) is warranted.

The court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this court. There was no subject matter jurisdiction upon which to base removal, and remand is appropriate.

Therefore, AMH Roman Two Tx, LLC's First Amended Motion to Remand Proceeding (Dkt. # 4) is GRANTED and this action is hereby REMANDED to the Collin County Court at Law #3 for further proceedings.

Further, AMH is hereby awarded costs and expenses in the amount of $875.00 against Richard Howard IV, for which let execution issue.

This case is otherwise closed on the court's docket.

So **ORDERED** and **SIGNED** this **18** day of **March, 2016.**

_____
Ron Clark, United States District Judge